IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDY BOURDON and
LAURA PORTER,

      Plaintiffs,

v.                                                                                        No. 1:25-cv-00962-KK

CITY OF SANTA FE,
DERRICK ARN,
GREGORY URBINA,
DIANA CONKLIN,
KAITLYN LUCK,
KYLE HIBNER,
AMANDA TSO and
J. FORD,

      Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 2, 2025 ("Complaint"), and Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 2, 2025 ("Application").

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

> if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiffs signed an affidavit stating they are unable to pay the costs of these proceedings and provided the following information: (i) their combined average monthly income during the past 12 months is $2,067.00; (ii) Plaintiffs' monthly expenses total $1,445.00; (iii) Plaintiffs have $0.00 in cash; and (iv) Plaintiffs have four minor children who rely on them for support. The Court finds that Plaintiffs are unable to pay the costs of this proceeding because they signed an affidavit stating they are unable to pay the costs of these proceedings, because of their low monthly income, and because they have four minor children who rely on them for support.

**Order for Amended Complaint**

The 37-page Complaint includes 29 pages of single-spaced, typed allegations and asserts several claims. Some of the paragraphs are not numbered, others are designated with non-unique numbers, for example there are six paragraphs labeled "1," and other paragraphs are designated with letters. Plaintiffs repeat several factual allegations throughout the Complaint and many of the allegations are vague, for example, they do not state when the Defendants' actions occurred. The Complaint also contains unnecessary statements explaining legal standards. *See*, *for example*,

Complaint at 10 (stating "Substantive due process: Protects against arbitrary and oppressive government action" and "Procedural Due Process: Guarantees fair legal procedures").

As a result of the deficiencies identified above, the Complaint does not give Defendants fair notice of the grounds upon which Plaintiffs are basing their claims. *See Howl v. Alvarado*, 783 Fed.Appx. 815, 817-18 (10th Cir. 2019) ("Although 'a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'") (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)).

"[T]his court has long recognized that defendants are prejudiced by having to respond to pleadings [that are] wordy and unwieldy," and "judges ... have their task made immeasurably more difficult by pleadings [that are] rambling...." *United States v. Celio*, 388 Fed.Appx. 758, 761 (10th Cir. 2010) (quoting *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1162-63 (10th Cir. 2007)). "Courts have 'obligations to *pro se* litigants' to provide 'some modest additional explanation' regarding the format of filings because they 'are not expected to understand what recitations are legally essential and which are superfluous.'" *Id.*

The Court orders Plaintiffs to file an amended complaint and provides the following explanations regarding the format of the amended complaint.

The amended complaint must set forth Plaintiffs' allegations in uniquely numbered, double-spaced paragraphs. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"); D.N.M.LR-Civ. 10.1 ("Except for footnotes and quotations, the text of all documents must be double spaced").

The amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the

3

plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  It is helpful if a complaint includes a section for each defendant that sets forth the factual allegations regarding that defendant.  The amended complaint does not need to repeat factual allegations in each claim; the amended complaint may incorporate previous factual allegations by reference.

The Federal and Local Rules of Civil Procedure do not require that a complaint explain legal standards.  The amended complaint need only reference the legal standard under which the claim is being asserted and allege facts supporting the claim.  *See* Fed. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

**Service on Defendants**

Plaintiffs are proceeding *in forma pauperis* pursuant to Section 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiffs to file an amended complaint. The Court will address service after Plaintiffs file an amended complaint.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

4

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. See *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 2, 2025, is **GRANTED.**

(ii) Plaintiffs shall, within 21 days of entry of this Order, file an amended complaint not exceeding 50 pages. Failure to timely file an amended complaint may result in dismissal of this case. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

*[signature]*
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**